MEMORANDUM **
Martinez-Pioquinto is statutorily ineligible for cancellation of removal because he failed to demonstrate “good moral character” for the ten-year period before the date of his application. See 8 U.S.C. §§ 1229b(b)(l)(B), 1101(f)(3). Specifically, Martinez-Pioquinto admitted to knowingly assisting his fiancee to “enter the United States in violation of law.” 8 U.S.C. § 1182(a)(6)(E)®. The family reunification exception to removability does not aid Martinez-Pioquinto, because it is applicable only to waivers of admissibility, not to the establishment of “good moral character,” see Sanchez v. Holder, 560 F.3d 1028, 1032 (9th Cir.2009) (en banc); and even then applies only to aliens who assisted “the alien’s spouse, parent, son, or daughter (and no other individual)” before May 5, 1988, 8 U.S.C. § 1227(a)(l)(E)(ii). The smuggling incident here occurred after May 5, 1988, and involved petitioner’s fiancée, not his wife.[1]
Like the dissent, we recognize that Martinez-Pioquinto is a sympathetic figure. But like the immigration judge, we are bound by the law as it is, not the law as it might (or should) be. The IJ did not err in denying Martinez-Pioquinto’s application for cancellation of removal.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. While the dissent is correct that the smuggling incident occurred more than ten years before this appeal, it occurred less than three years before the immigration judge rendered his ruling, and the statute required the immigration judge to determine whether MartinezPioquinto had been a person of "good moral character” during the ten-year period immediately preceding his application for relief. See 8 U.S.C. § 1229b(b)(l)(B).